UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RODRIGO TIXE MAZA,<br>Petitioner,<br>v.<br>ANTONE MONIZ et al.,<br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 26-cv-13382-WGY |

**ORDER**

BURROUGHS, D.J.[1]

Before the Court is Petitioner Rodrigo Tixe Maza's petition for writ of habeas corpus. [ECF No. 1]. "Respondents submit that the legal issues presented in this Petition are similar to those recently addressed by [Judge Young] in [Mishqui Agualsaca v. Hyde, No. 26-cv-10925, Dkt. No. 8 (D. Mass. Feb. 26, 2026)]." [ECF No. 6 at 1]. They further acknowledge that "[s]hould the Court follow [the] reasoning of [that case] . . . , it would reach the same result here." [Id.]. On the facts of this case, upon review of Judge Young's analysis in Mishqui Agualsaca, and in light of Respondents' abbreviated filing, the Court does not find reason to deviate from the approach taken in Mishqui Agualsaca. Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and, accordingly, entitled to a bond hearing. He has not received such a hearing, so his detention is unlawful.

Petitioner's petition, [ECF No. 1], is **GRANTED**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order. In

[1] The Court issues this order in its capacity as the on-duty emergency session.

that bond hearing, the immigration judge must expressly state the following findings on the record[2]:

(1) whether the government has "prove[d] by clear and convincing evidence that [Petitioner] poses a danger to the community or . . . by a preponderance of the evidence that [he or] she poses a flight risk"; and
(2) if the government has carried its burden:
  (a) the particular evidence by which the government carried its burden;
  (b) how the immigration judge "considered . . . [and] weighed . . . the information [Petitioner] provided" in relation to the government's evidence;
  (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and
  (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.

Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The clerk is directed to enter judgment in favor of Petitioner.

**SO ORDERED.**

August 18, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[2] Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168, 2026 WL 1825934, at *2 (D. Mass. June 25, 2026) (discussing need for immigration judge to thoroughly engage with the record); see Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *2 (D. Mass. Feb. 10, 2026) (collecting cases).