UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODRIGO TIXE MAZA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; JOSEPH D. McDONALD, JR., Sheriff of Plymouth County; DAVID WESLING, Acting Field Office Director, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, U.S. Secretary of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States<br><br>Respondents. | CIVIL ACTION<br>NO. 26-13382-WGY |

YOUNG, D.J. November 23, 2026

**ORDER**

Before the Court is Petitioner Rodrigo Tixe Maza's Motion for Enforcement of this Court's August 18, 2026 Order and for Immediate Release ("Motion"), ECF No. 9. Petitioner claims he was not afforded a bond hearing compliant with the requirements of the Court's Order and First Circuit. Id. Respondents oppose the Motion, ECF No. 11, asserting that Petitioner received a

constitutionally sufficient bond hearing. After a thorough, independent review, the Court concludes that bond hearing was constitutionally sufficient.

On August 18, 2026, the Court (Burroughs, J.) granted Petitioner's petition for writ of habeas corpus, ECF No. 1, and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days. ECF No. 7. The Court (Burroughs, J.) ordered the following:

> In that bond hearing, the immigration judge must expressly state the following findings on the record[1]:
>
> (1) whether the government has "prove[d] by clear and convincing evidence that [Petitioner] poses a danger to the community or . . . by a preponderance of the evidence that [he or] she poses a flight risk"; and (2) if the government has carried its burden: (a) the particular evidence by which the government carried its burden; (b) how the immigration judge "considered . . . [and] weighed . . . the information [Petitioner] provided" in relation to the government's evidence; (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.

Id. at 3. Petitioner argues that the immigration judge ("IJ") failed to comply with the Order, inter alia, by not providing

---

[1] Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168, 2026 WL 1825934, at *2 (D. Mass. June 25, 2026) (discussing need for immigration judge to thoroughly engage with the record); see Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *2 (D. Mass. Feb. 10, 2026) (collecting cases).

"specific, written, on-the-record findings: what particular evidence DHS relied upon; how the immigration judge weighed Petitioner's responsive information; the IJ's chain of reasoning; and — critically — why less-restrictive alternatives, specifically including GPS monitoring, would be ineffective." ECF No. 9 at 1. Petitioner asserts that the IJ denied bond without the sufficient analysis this Court (Burroughs, J.) ordered. Id.

The Court has reviewed the IJ's written decision denying bond. ECF No. 9-1. In his decision, the IJ indicated that he carefully considered the "documentary and testimonial evidence and arguments raised by both parties" at the custody redetermination hearing. Id. at 3. The IJ acknowledged, "The Respondent has employment authorization and stable employment, letters of community support, and a United States citizen sponsor." Id. at 5. The IJ determined, however, that based his illegal entry and final removal order, the Petitioner posed a flight risk by a preponderance of evidence. Id. at 6. In considering alternatives to detention, the IJ stated, "The Court concludes that 'no monetary bond, even if coupled with alternatives to detention, would be sufficient' to ensure [Petitioner's] appearance at future immigration hearings and, if necessary, surrender for removal from this country." quoting, Matter of Akhmedov, 29 I&N Dec. 166, 168 (BIA 2025).

While the Court's Order (Burroughs, J.) required more specific findings concerning alternatives to detention, the Court concludes that the bond hearing complied with the requirements of the First Circuit and those ordered by the Court. The Court's authority in reviewing the type of argument raised by Petitioner "is limited." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). A noncitizen must "either point to the language of the immigration judge's" ruling indicating she applied the wrong standard of proof "or demonstrate that 'the evidence itself could not -- as a matter of law -- have supported' the immigration judge's decision to deny bond." Id. (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)). Here, the IJ considered the Petitioner's evidence rebutting flight risk in his decision. See ECF No. 9-1. Although the Court may come to a different conclusion in weighing the evidence, the Court cannot say that the IJ's determination "was so arbitrary that it would offend fundamental tenets of due process." Diaz Ortiz, 384 F. Supp. 3d at 144 (quoting Pratt v. Doll, No. 17-cv-1020, 2019 WL 722578, at *4 (M.D. Pa. Feb. 20, 2019)).

After a thorough, independent review, the Court concludes that bond hearing afforded the Petitioner was constitutionally sufficient. Accordingly, the Petitioner's Motion, ECF No. 9, is

DENIED. Petitioner's Motion to Stay, ECF No. 10 is DENIED, and the stay orders presently in effect are VACATED.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[2]

---

[2] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.